# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **DEANGELO L. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:09-CV-85-SNLJ** |
| | ) | |
| **MALISSA DORRIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff has filed this §1983 action alleging a violation of his Eighth Amendment right against cruel and unusual punishment during his detention at the Missouri Department of Corrections' Southeast Correctional Center. This matter is before the Court on defendants' motion to dismiss (#14), filed on September 9, 2009. Responsive pleadings have been filed and the matter is now ripe for disposition.

## I. Case Summary

Plaintiff is in the custody of the Missouri Department of Corrections (MDOC) and was confined at the Southeast Correctional Center (SECC) in Charleston, Missouri during the during the relevant time period, but he is now incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. The four individual Defendants, Malissa Dorris, Todd Vandergriff, Jeffrey Reece, and Clifton Cossey were each employed by the MDOC at SECC during the relevant time period, Dorris as a classification caseworker, the rest as correctional officers.

On July 11, 2007, plaintiff was on the receiving end of a "use of force" at SECC after he stuffed his mattress through the food port in his cell door and resisted attempts by correctional officers to remove the mattress. Correctional officers used pepper spray to force plaintiff to

comply with their orders, and later forced plaintiff to stay in a suicide cell without a mattress or blanket. Plaintiff brought this Eighth Amendment, excessive force claim and seeks damages, declaratory relief, and injunctive relief.

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege

facts--not mere conclusions--that, if true, would support the existence of the claimed torts."

Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, the Court turns to an examination of the plaintiff's complaint.

## III. Discussion

Defendants do not raise issues with plaintiff's substantive Eighth Amendment claim, but rather rely solely on the defense of sovereign immunity under the Eleventh Amendment. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment has long been interpreted to encompass cases involving a suit brought by a citizen against his own state. *See Kimel v. Fl. Bd. of Regents*, 528 U.S. 62 (2000). Departments of Corrections, as state agencies, are immune from suit pursuant to the

Eleventh Amendment. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)(holding that suits against subordinate state agencies are barred by the Eleventh Amendment). Individual defendants sued in their official capacities are also barred by sovereign immunity under the Eleventh Amendment, except in instances in which the immunity has been specifically waived. *See Will v. Mi. Dep't of State Police*, 491 U.S. 58, 71 (1989)(suit against a state official in his official capacity is a suit against the official's office and no different from a suit against the state itself); *see also Thomas v. Gunter*, 32 F.3d 1258, 1261 (8th Cir. 1994). Plaintiff has not stated in his complaint whether he is suing the defendants in their official capacity, individual capacity, or both. However, when a complaint is silent as to capacity, it is presumed to exclusively be an official-capacity suit. *Egerdahl v. Hibbing Cmty Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

All that said, the Eleventh Amendment does permit suits for prospective injunctive relief against state officials acting in violation of federal law, but not for money damages or its equivalent. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 124 S.Ct. 899, 157 L.Ed. 2d 855 (2004). Plaintiff is unable to make use of this exception, however, because plaintiff's prayer for declaratory and injunctive relief against defendants were moot after his transfer to another institution, and there does not presently exist an actual threat of repeated harm from the individual defendants while he is in the Jefferson City Correctional Center. As such, insofar as plaintiff is attempting to sue the defendants solely in their official capacities, he is without a cognizable claim. Therefore, plaintiff's claim shall be dismissed to the extent that he is attempting to sue the defendants in their official capacities.

Plaintiff requests leave to amend his complaint to correct the insufficiencies in his pleadings, however, and this Court shall permit him to do so. Plaintiff shall be granted leave to amend his complaint in order to state a claim against the defendants in their individual capacities.

**IV. Conclusion**

The individual defendants, each named solely in his or her official capacity, are protected by sovereign immunity. Although the Eleventh Amendment allows injunctive relief against individuals in their official capacities, the facts as pled by plaintiff do not give rise to this form of relief because plaintiff is no longer incarcerated at the SECC. Therefore, defendants' motion to dismiss shall be granted. Plaintiff is granted leave to amend his pleadings, however, in order to state a claim against the defendants in their individual capacities.

Dated this __24th__ day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE