**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DEANGELO L. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:09-CV-85-SNLJ** |
| | ) | |
| **MALISSA DORRIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Deangelo Thomas filed this prisoner civil rights case under 42 U.S.C. § 1983.

One of the several defendants in this case, Cynthia Reese, has filed a motion to dismiss plaintiff's

complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6)

(#45). Plaintiff has filed a memorandum in response, and this matter is now ripe for

determination.

## I.      Statement of the Case

Plaintiff seeks damages for certain treatment that he alleges violated his Eighth

Amendment rights while incarcerated at the Southeastern Correctional Center ("SECC") in

Charleston, Missouri. Plaintiff's contentions against Defendant Reece have to do with plaintiff's

placement on suicide watch for six days in July 2007. Reece was at the time a member of the

medical staff at SECC.

Plaintiff filed his complaint and moved for leave to proceed *in forma pauperis* on July 1,

2009. The Court granted leave to file *in forma pauperis* and ordered the Clerk to issue process

on the named defendants (#4). As is often the case with *pro se* prisoner complaints, the plaintiff

did not know the names or addresses of all the individuals named as defendants in his complaint.

Plaintiff asked the Court to issue a subpoena on the Missouri Department of Corrections and others in order to find out the names and addresses of certain defendants, including Cynthia Reece, on August 24, 2009 (#10). The Court ordered the defendants who had then been served with the Complaint to file a memorandum providing the information plaintiff requested on August 26, 2009 (#11). The defendants complied on September 9, 2009 (#15).

On October 15, 2009, the plaintiff moved for an extention of time in which to serve the remaining unserved defendants, including Cynthia Reece (#23). The Court granted the motion on October 16, 2009 in a docket text order, and thus plaintiff was allowed until December 1, 2009 to serve Reese and the other unserved defendants.

Because plaintiff had been authorized to proceed *in forma pauperis*, plaintiff could request that service be made by a United States marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Plaintiff made such a request on March 17, 2010 (#29) and again on April 2, 2010 (#32). The Court granted plaintiff's motions on June 23, 2010 and ordered that service be made on Reese and the other defendants (#35). Cynthia Reese was served with the plaintiff's Complaint and Amended Complaint on July 1, 2010.

## II.    Discussion

Defendant Reese argues that plaintiff's complaint against her should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

### A.    Timeliness of Service

Reese first asserts that because she was not served with the complaint until July 1, 2010, and because the plaintiff has not shown good cause for his late service, the court should dismiss the lawsuit as to her because there the Court has no personal jurisdiction over her. Reese argues that under Federal Rule of Civil Procedure 4(m), when a defendant is not served within 120 days

2

after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time.

Plaintiff responds that he mistakenly thought that when the Court ordered the defendants to provide information about the unserved defendants on August 26, 2009 (#11), that the Court would use the information to have the unserved defendants served by the United States Marshals. On March 17, 2010, plaintiff filed a motion requesting that the Court order service on the unserved defendants, including Reese. In plaintiff's March 17 motion (#29), he notes that the defendants "have yet to be served and this Court have yet to dismiss them from the Complaint." The Court granted the motion on June 23, 2010 and ordered that they be served with plaintiff's amended complaint (#35).

The Court notes that, in essence, plaintiff's March 17 motion and the nearly identical April 2, 2010 motion (#32) were further requests for an extension of time in which to serve the unserved defendants. Given plaintiff's status as a *pro se* prisoner litigant proceeding *in forma pauperis*, his lack of easy access to the Court's docket sheet, and the fact that plaintiff did not have to specifically request service of the defendants who were served initially, the Court finds that he had good cause for not requesting service of the unserved defendants earlier. During the time between his October 15, 2009 request for extension and the March 17, 2010 motion for service, plaintiff was awaiting additional information about another unserved defendant — he was not merely ignoring Court deadlines. Plaintiff's service on Defendant Reese will be deemed timely by this Court pursuant to Federal Rule of Civil Procedure 4(m).

### B.     Plaintiff's Amended Complaint

Plaintiff was granted leave to amend his complaint to specify in what capacity he was attempting to sue the defendants on March 24, 2010 (#31). In response to that Court order, plaintiff filed what he titled "Plaintiff's Response to the Court Order of March 24, 2010" on

April 7, 2010 (#33).  In that filing, plaintiff states that he "amends this Complaint to plead and state the capacity in which he is suing the Defendants," and then he proceeds to state that he is suing each defendant in his or her individual capacity.  Defendant Reese argues that plaintiff's April 7, 2010 filing fails to comply with Federal Rules of Civil Procedure 7 and 10 and that he has thus failed to amend his complaint within the 30 days allowed by the Court's March 24 order.  The Court finds that plaintiff's amended complaint (which was docketed "Amended Complaint" on June 23, 2010 as Docket No. 36) adequately states in what capacity he is suing each defendant, thus it satisfies the Court's March 24 order.  *See Davis v. Hall*, 992 F.2d 151, 152 (8th Cir.1993) ("Civil rights pleadings are construed liberally").

### C.     Plaintiff's Claims For Relief

Finally, Defendant Reese asserts that the plaintiff's claims for injunctive and declaratory relief are moot.  This Court has already held that to be true: "plaintiff's prayer for declaratory and injunctive relief against defendants were moot after his transfer to another institution, and there does not presently exist an actual threat of repeated harm from the individual defendants while he is in the Jefferson City Correctional Center."  (#30, March 24, 2010 Order at 4.)  As a result, the Court dismissed plaintiff's complaint to the extent he was suing defendants in their official capacities.  (*Id.*)  However, now that the plaintiff has amended his complaint to name defendants in their individual capacities, his claims for money damages against the defendants may stand. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cynthia Reese's Motion to Dismiss (#45) is DENIED.

Dated this   5th   day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE