UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANGELO L. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:09-CV-00085-SNLJ ) |
| MALISSA DORRIS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff DeAngelo L. Thomas has filed this *pro se* Section 1983 action alleging a violation of his Eighth Amendment right against cruel and unusual punishment while incarcerated at the Southeast Correctional Center ("SECC") in Charleston, Missouri. Defendants Malissa Dorris, Clifton Cossey, Warren Murphy, Rodney Owens, Jeffrey Reese, Todd Vandergriff, and Anthony Walls filed a motion for summary judgment on March 30, 2011 (#80). On May 12, 2011, plaintiff filed a motion to conduct additional discovery (#86) and a motion to stay proceedings (#87). Responsive pleadings have been filed, and the matters are ripe for disposition.

**I. Case Summary**

Plaintiff claims that defendants, all employed as correctional officers by the Missouri Department of Corrections at SECC, physically assaulted him and maliciously sprayed him with pepper spray. Further, plaintiff alleges that defendants displayed deliberate indifference to his serious medical needs, denying him proper medical treatment and placing him in a suicide cell without a mattress. Plaintiff maintains that the defendants' actions and inactions violated his

1

Eighth Amendment right to be free from cruel and unusual punishment. The following facts are not disputed, except where indicated.

On July 13, 2007, plaintiff waived his hand out the "food port" in his cell door for about fifteen minutes, trying to get the attention of the supervising officer in order to report that defendants Dorris and Cossey had verbally harassed him. When he tired, at about 8:15 a.m., he shoved the corner of his mattress through the food port. Plaintiff also covered the window of his cell door. When defendants Reese and Cossey tried to pull the mattress through the food port, plaintiff physically resisted their attempts. Just before 9:00 a.m., the prison's medical staff informed defendant Reese that plaintiff had no medical issues that would prevent the possible use of pepper spray.

At about 10:15 a.m., defendant Reese returned to plaintiff's cell, accompanied by defendants Cossey and Dorris, the latter of whom was operating a video recorder. Defendant Reese applied three separate, short bursts of pepper spray into plaintiff's cell over an approximately 30-minute period. Before each burst of pepper spray, defendant Reese told plaintiff to remove the mattress from his cell door and submit to wrist restraints. Reese also told plaintiff that his refusal would result in use of force. However, plaintiff refused all three directives to remove the mattress and submit to wrist restraints. Plaintiff was hit with pepper spray, but he had access to clean running water and clean clothes in his cell.

About one hour after the last application of pepper spray, defendants Cossey, Murphy, Owens, Vandergriff, and Walls — a "five-man movement team" — approached plaintiff's cell. At approximately 11:38 a.m., defendant Reese again verbally directed plaintiff to remove the mattress from his cell door and to submit to wrist restraints. He also warned plaintiff that his

2

failure to comply with these directives would make a use of force necessary. When plaintiff failed to respond or comply, defendant Reese ordered the door to be opened. Plaintiff alleges that defendants Owens, Cossey, Vandergriff, Walls, and Murphy immediately began punching plaintiff in the face, back and torso. He further accuses defendant Owens of kneeing him in the face and slamming his head and neck against the floor. Defendants, however, maintain that at no point during the use of force did any of the officers kick or punch plaintiff. Additionally, plaintiff purports that he never resisted the officers, but defendants note that plaintiff was struggling.

Defendants placed plaintiff in handcuffs and shackles and moved him to a different, clean cell. Plaintiff's restraints were removed once he was placed in this new cell, and clean, running water was available to plaintiff in the sink.

A nurse, defendant Rebecca Byessee[1], examined plaintiff less than ten minutes after the conclusion of the use of force. Defendants assert that plaintiff complained to the nurse about pain in his right wrist, but plaintiff states he also complained about his head, neck, face, and back. Nurse Byessee found that there was no indication of swelling or bruising in plaintiff's wrist and that his wrist's range of motion was within normal limits. Further, she found that there were no visible marks sustained on plaintiff's trunk, limbs, or head. Plaintiff alleges that defendants' actions and inactions violated his Eighth Amendment rights, and defendants counter that the application of pepper spray and the forcible extraction of plaintiff from his cell were necessary and reasonable.

---

[1] Although named in plaintiff's amended complaint (#36), defendant Rebecca Byessee, who is the only medical professional currently named in the lawsuit, has not been served.

## II. Legal Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed. R. Civ. P. 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.

1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III. Discussion**

Defendants seek summary judgment on plaintiff's claims for excessive force and treatment of his injuries sustained as a result of such force.

**A.    Excessive Force Claim**

The Eighth Amendment protects incarcerated prisoners from "cruel and unusual punishment" by forbidding the "unnecessary and wanton infliction of pain." U.S. Const. Amend. VIII; *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."). This protection is grounded in prisoners' right to be free from unnecessary and wanton infliction of pain at the hands of corrections officers. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The "core judicial inquiry" for an excessive force claim is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 6-7. The Eighth Circuit has held that "[r]esolution of the constitutional issue turns on the circumstances of the individual case." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002). "The test is whether the officer's use of force was reasonable under the circumstances, or whether it was punitive, arbitrary, and malicious." *Id.* at 873. *See also Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson*, 503 U.S. at 9); *Howard v. Barnett*, 21 F.3d 868, 871 (8th Cir. 1994). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See, e.g., Whitley*, 475 U.S. at 321; *Treats*, 308 F.3d at 872.

5

To establish a claim for the excessive use of force, Thomas must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson*, 503 U.S. at 6-7. Here, there is no dispute that some force was used in an attempt to gain Thomas's compliance, but given the circumstances and plaintiff's admissions, the force was not excessive as a matter of law. Plaintiff admits that (1) he "took his food-port hostage" by shoving his mattress through the food port, (2) he covered the cell door window from the inside, and (3) he refused all directives to remove the mattress from the cell door and to submit to handcuffs. Plaintiff admits that he was warned that the pepper spray would be used if he did not comply. He was also warned that force would be ultimately used if he did not comply with officer directives. Yet plaintiff admits he did not comply with directives even after defendant Reese administered three short bursts of pepper spray over the course of more than 30 minutes (and, during that time, plaintiff admits he had access to clean clothes and running water). Accordingly, plaintiff's own conduct eventually made it necessary for prison officials to enter his cell and restrain him. As a matter of law, there is nothing inhumane or wanton about enforcing reasonable prison regulations. *Stenzel v. Ellis*, 916 F.2d 423, 428 (8th Cir. 1990).

Plaintiff also argues that the defendants "provoked" him by using "abusive language" and "sexual gestures" playing into his mental illness (an alleged psychotic disorder) and causing him to "take his food-port hostage and get pepper sprayed," thereby creating the situation that would allow the officers to attack him under the guise of maintaining order. He cites a Fourth Circuit case, *Miller v. Leathers*, 913 F.2d 1085, 1088 (4th Cir. 1990) which held that an issue of fact existed as to whether defendant intended to provoke an incident so as to allow the use of force

6

against plaintiff under the guise of maintaining order or self-defense. Here, however, plaintiff's argument is clearly frivolous. Again, plaintiff admits in his memorandum that he "took his food-port hostage and that he refused several directives to relinquish it, therefore rendering the need for some form of force to be used to gain compliance." Then plaintiff says that the issue of fact is as to "the amount of force applied, and if the defendants acted maliciously." Thus, plaintiff's provocation argument — even if cognizable in this Circuit — clearly fails, as plaintiff acknowledged that defendants were justified in their use of force in response to his conduct.

In addition, the Court has reviewed the video recording of the events that took place that morning, and it concludes that the force used was not used maliciously or sadistically. Plaintiff was provided with a copy of that videotape, and he makes no effort to controvert the events as they appear on the videotape other than to say that someone's body blocked the camera's view. On review of the video, however, plaintiff's argument on that point is unavailing. It is true that the video camera recorded the events inside plaintiff's cell from the doorway, and that the narrow door opening and the presence of five correctional officers in the cell with plaintiff obscures the camera's view of the plaintiff for part of that time. However, plaintiff offers no evidence supporting his version of the events that would even suggest that, somehow, the officers are doing anything other than following necessary protocol in subduing the plaintiff. Plaintiff's allegations of excessive use of force are also belied by plaintiff's appearance and demeanor as he is escorted out of his cell in handcuffs, laid on the ground, shackled, and moved to a new cell. Nothing about plaintiff indicates that he was injured before or during that time.

Even if defendants' use of force was somehow not justified, plaintiff's injuries were *de minimis*. Because a Section 1983 action is a type of tort claim, general principles of tort law

7

require that a plaintiff suffer some actual injury before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978). Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*. *Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir. 1993). No clear line divides *de minimis* injuries from others. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008); *compare Hudson*, 503 U.S. at 10 (a cracked dental plate, loosened teeth, bruises, and swelling were more than *de minimis*), and *Foulk v. Charrier*, 262 F.3d 687, 692, 700-01 (8th Cir. 2001) (use of pepper spray on an inmate who was immediately thereafter placed in solitary confinement with no running water was greater than *de minimis*), with *Jones v. Shields*, 207 F.3d 491, 496-97 (8th Cir. 2000) (use of pepper spray on a large inmate who refused to comply and who immediately received medical treatment for the spray was *de minimis* and was not done with sadistic or malicious intent), and *Wyatt v. Delaney*, 818 F.2d 21, 23 (8th Cir. 1987) (a light blow that caused two small scratches inside the prisoner's mouth was *de minimis*).

Here, any injuries suffered by plaintiff more closely resemble those inflicted on the inmates in *Jones* and *Wyatt* than those in *Hudson* and *Foulk*. Plaintiff was given ample opportunity to wash the pepper spray from his body and change clothes after each spray. Also, he was seen by a nurse only minutes after being moved to a new cell. Defendants claim that plaintiff complained only of wrist pain, but plaintiff alleges in his complaint that he also complained of injuries to his lip, eye, forehead, neck, and torso. In either case, the nurse observed no swelling or bruising, and noted that plaintiff's wrist's range of motion was normal. Furthermore, as indicated above, nothing about plaintiff's appearance or behavior even suggests that he was injured.

Notably, plaintiff's complaint says in its conclusion that plaintiff believes he is entitled to relief because, since the incident, he has suffered from migraine headaches, lack of sleep due to nightmares, deteriorating vision, and bi-polar mental disease. However, plaintiff had already been diagnosed with a psychotic disorder before the date of the incident. Furthermore, plaintiff does not mention or provide any support for those alleged continuing injuries in his response memorandum, nor does plaintiff show how those injuries were caused by the incident in question.

Even if plaintiff had suffered small injuries, as he suggests, the use of force capable of causing those injuries was not "repugnant to the conscience of mankind." *See Hudson*, 503 U.S. at 9-10. "Summary applications of force are constitutionally permissible when prison security and order… has been placed in jeopardy." *Jones*, 207 F.3d at 496. Because plaintiff himself makes critical admissions regarding the disorder he caused by covering his window and moving his mattress, the slight injuries he may have suffered in the process of subduing him were not unreasonable. Plaintiff has likewise failed as a matter of law to establish any defendants' conduct as malicious or sadistic to establish an Eighth Amendment violation.

### B. Deliberate Indifference to Serious Medical Needs

Although defendants do not specifically address plaintiff's deliberate indifference claim, that claim does not survive frivolity review. Plaintiff says in his complaint that defendants denied him "proper medical treatment...showed deliberate indifference to my serious medical need, and acted with malicious and sadistic intent when they (1) applied pepper spray against me, (2) failed to properly assess me, and (3) retaliated against me by putting me in a suicide cell

9

without a mattress, and (4) physically assaulted me." Of these, only the second and third points have not already been addressed by plaintiff's excessive force claim.

The Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from "deliberate indifference" to serious medical needs. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d. 778, 784 (quoting *Camberos v. Branstad*, 73 F.3d. 174, 176 (8th Cir. 1995)); *see also Simmons v. Cook*, 154 F.3d. 805, 807-08 (8th Cir. 1997) (quoting *Moore v. Jackson*, 123 F.3d. 1082, 1086 (8th Cir. 1997)("A medical need is serious if it is obvious to the layperson or supported by medical evidence.")).

In order to satisfy the subjective component of an Eighth Amendment medical claim, a plaintiff inmate must show that the prison officials knew of, yet deliberately disregarded, an excessive risk to the inmate's health. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Logan v. Clarke*, 119 F.3d. 647, 649 (8th Cir. 1997)). A prison official may be liable under the Eighth Amendment if she knows that an inmate faces a substantial risk of serious harm and fails "to take reasonable measures to abate it." *Coleman*, 114 F.3d. at 785 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). The plaintiff must establish a "mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.

2006). "Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

Plaintiff's complaint alleges that, subsequent to his forced removal from his original cell and placement in a new cell, he was put on suicide watch, that he was denied a mattress for four days and a blanket for five days. Plaintiff does not state how he was damaged by this or how it was unreasonable given his earlier misuse of his mattress. Plaintiff actually appears to be challenging his conditions of confinement with regard to this matter, but his claim is legally frivolous. *See Hudson v. McMillian*, 112 S.Ct. 995, 999-1000 (1992) (holding that, to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); *Wilson v. Seiter*, 111 S. Ct. 2321, 2326 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (holding that, for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Further, plaintiff disagrees with the examination and treatment he received from Nurse Byessee, but he fails to show or even allege that any defendant acted with deliberate indifference to any serious medical need. Mere disagreement about his treatment — or even medical malpractice — is not actionable under the Eighth Amendment. *Jones*, 310 F.3d at 612.

Thus, to the extent plaintiff claims that his Eighth Amendment rights were violated with respect to his conditions of confinement or treatment of his medical needs, Court will dismiss that claim against the defendants, including defendant Byessee, pursuant to 28 U.S.C. §

1915(e)(2)(B) (stating that the Court may dismiss a complaint filed *in forma pauperis* at any time if the plaintiff fails to state a claim upon which relief can be granted).[2]

**IV. Motion to Stay Proceedings and Motion to Conduct Additional Discovery**

The additional materials plaintiff seeks to discover — affidavits, cell block surveillance video recordings, a copy of the MK-46 dispenser's owner's manual, copies of the policies and procedures pertaining to the use of force at SECC, and endoscopic examinations — would not supply evidence capable of proving either that defendants' use of force was excessive or that plaintiff's injuries were greater than *de minimis*.

Dated this  12th   day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Although plaintiff named Rebecca Byessee in his complaint and attempted to have her served with process, he was unsuccessful. Plaintiff's unexecuted return of service on defendant Byessee was filed March 12, 2010, and plaintiff has apparently made no further effort to serve her. As a result, even if plaintiff had stated a claim against defendant Byessee, the Court would be compelled to dismiss defendant Byessee without prejudice pursuant to Federal Rule of Civil Procedure 4(m).